```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                    Case No.   2:06-cv-583-FtM-29DNF

TRACT J03-62, 20.00 ACRES OF LAND,
MORE OR LESS, WITH ALL IMPROVEMENTS,
IN COLLIER COUNTY, FLORIDA, CLARE
KRONENBERG    (DECEASED),    LESLIE
CORRELL JR., ET AL.,

                    Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion and Application for Withdrawal of funds (Doc. #22), filed on December 12, 2007, and the Applications for Withdrawal of Estimated Just Compensation (Docs. #25, #26), filed on January 8, 2008, under Notice by the government for Jonathan C. LaFontin and Ernestine Joy Carhartt. The government filed a Response as Amicus Curiae to Defendants and Applications for Withdrawal of Funds and Motion to Determine Entitlement to Just Compensation (Doc. #27) on January 28, 2008. Plaintiff, as a friend of the Court and current owner of the subject property, sought a determination as to the rightful claimants to the estimated just compensation. On March 4, 2008, the Court conducted a bench trial for this case and other tracts of land to determine just compensation.

I.

Leslie Correll, Jr. and James Correll (collectively "the Corrells") own a tract of land known as Tract J29-06. The Corrells also claim ownership of "Camp Fox Hole", an improvement identified as J03-62 and located on Tract J03-53, a tract of land not owned by the Corrells. Camp Fox Hole consists of a main house, bunk house, storage shed, water tank, pump, well, septic tank system, generator, generator shed, hot tub, extensive wooden decks and docks, and has been appraised with a value of $73,600.00. On or about October 25, 2006, the government filed a Declaration of Taking (Doc. #2) and deposited funds representing the estimated compensation for the improvement.

The government took title to the land (Tract J03-53) on May 4, 1992, upon direct purchase by the National Park Service from Clare Kronenberg, and ownership of the *land* is not in dispute. Ms. Kronenberg and the National Park Service were unaware of the improvements by third-party trespassers to the land at the time of purchase. The applicants Jonathan C. LaFontin and Ernestine Joy Carhartt are the children of Ms. Kronenberg, who died on May 4, 1998.[1] The Corrells claim ownership over the improvements to the

---

[1] A will does exist and if considered it would bequeath Ms. Kronenberg's estate to her son in its entirety. Unfortunately, the Will was not probated as of the filing of the government's Response and because a will must be duly probated before it can be considered or noticed for purposes of establishing title to property, it will not be considered. See FLA. STAT. §
(continued...)

land because they constructed and maintained the improvements on Tract J03-53. It is uncontested that the Corrells were trespassers on the land in question.

## II.

At the bench trial, counsel for the Corrells appeared with his clients and several witnesses. No other claimants appeared. The government and counsel stipulated to the value of the improvements. The only remaining issue is ownership. The government did not object to distribution, whomever was determined to be the appropriate recipient by the Court, and the Court admitted exhibits without objection. (See Docs. ##28, 29.)

Leslie Correll, Jr. of Punta Gorda, Florida testified that he personally constructed the improvements on the land with the assistance of friends and family, starting in 1992 after receiving a warranty deed and through approximately 2000 when he finished the main structure. Mr. Correll paid for the improvements himself. Mr. Correll testified that Kronenberg, LaFontin, and/or Carhartt did not aid in the construction or contribute to the costs of the improvements. Mr. Correll presented receipts, not destroyed by Hurricane Charley, in support of the construction costs he incurred for the improvements. (Plaintiff's Exh. #1.) Mr. Correll

---

[1](...continued)
733.103(1)("Until admitted to probate in this state or in the state where the decedent was domiciled, the will shall be ineffective to prove title to, or the right to possession of, property of the testator.").

testified that he continued to work on the improvements until notified by the National Park Service of the trespass. Mr. Correll was unaware that he did not own the land when notified. Mr. Correll paid taxes on the property through 2007 and was issued a special permit to pass over federal lands. Mr. Correll built the improvements for his eventual retirement and used the camp for fishing and "frogging." When questioned by the Court, Mr. Correll stated that he did not get a survey first to determine the boundaries of his land because Collier County indicated to him that the surveys were incorrect and to go ahead and start building at his own risk. The remaining witnesses did not testify.

### III.

Having heard from counsel and upon consideration of the testimony, the Court finds that Mr. Correll should receive the just compensation value assessed for the improvements on the land. Although Mr. Correll is in fact a trespasser on the land, the government does not object to a distribution if it is so deemed appropriate. Additionally, there is no evidence that the other claimants, who filed applications for disbursement, are entitled to the compensation as heirs to the former landowner.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion and Application for Withdrawal of funds (Doc. #22) is **GRANTED**. The Clerk is directed to disburse funds in

the amount of **seventy-three thousand and six hundred dollars ($73,600.00), plus applicable interest but minus any Registry fees**, to Leslie Correll, Jr., leaving no sum on deposit.

    2.   The Applications for Withdrawal of Estimated Just Compensation (Docs. #25, #26) by Jonathan C. LaFontin and Ernestine Joy Carhartt are **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of March, 2008.

                                          JOHN E. STEELE
                                          United States District Judge

Copies:
Counsel of record
Finance - JAX